**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **SAKARA LINDSEY,** | |
| Plaintiff, | Case No.: 1:24-cv-01984 |
| vs. | |
| **SPEEDWAY LLC,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

**COMPLAINT**

Plaintiff, Sakara Lindsey, ("Plaintiff"), through counsel, for her Complaint against Defendant, Speedway LLC ("Defendant" or "Speedway"), states:

**NATURE OF THE CASE**

1.      This is an action to recover statutory damages and for injunctive relief arising out of Defendant's unlawful collection, receipt, use, possession, retention and disclosure of the personal biometric identifiers and biometric information of Plaintiff in violation of the Biometric Information Privacy Act ("BIPA"), 740 ILCS § 14/1 (2008).

**THE PARTIES**

2.      Plaintiff is a natural person and is domiciled in Illinois.

3.      Defendant is a Delaware limited liability company with its principal place of business located in Irving, Texas. Speedway is registered with the Illinois Secretary of State and conducts business in the State of Illinois.

**JURISDICTION AND VENUE**

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) as the

matter in controversy exceeds $75,000.00[1] exclusive of punitive damages, and/or interest and costs, and is between citizens of different States.

4.     Plaintiff is a citizen of Illinois.

5.     Defendant is a foreign limited liability company with its principal place of business located in the state of Texas.

6.     The citizenship of a limited liability company for jurisdictional purposes is that of each of its members. Each member of Defendant is a citizen of the state of Texas.

7.     This Court has personal jurisdiction over Defendant because it conducts substantial business in Illinois.

8.     Venue lies in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District and Defendant can be found in this District.

## RELEVANT FACTS

9.     Defendant is a convenience store and fuel station chain.

10.    Defendant operates several stores located in Illinois that utilize biometric time clocks for its employees.

11.    BIPA was enacted in 2008 for the purpose of addressing a "very serious need for protections for the citizens of Illinois when it [comes to her] biometric information." Illinois House Transcript, 2008 Reg. Session No. 276.

12.    Biometrics are unlike other unique identifiers used to access finances or other sensitive information. "For example, social security numbers, when compromised, can be changed.

---

[1]Plaintiff seeks statutory, liquidated damages of $1,000 for each negligent violation of BIPA and $5,000 for each intentional or reckless violation of BIPA, and alleges that there were not less than 2,600 BIPA violations.

Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions."[2]

13. For purposes of BIPA, a "biometric identifier" is a personal feature that is unique to an individual and specifically includes fingerprints or a scan of hand geometry. 740 ILCS § 14/10.

14. BIPA defines "biometric information" as "any information, regardless of how it is captured, converted, stored, or shared, based upon an individual's biometric identifier used to identify the individual." *Id.*

15. Biometric time clocks capture and process "biometric identifiers" or "biometric information" to verify employee identity and record employee attendance.

16. Before using a biometric time clock, each employee is first required to enroll by providing a scan of her "biometric identifiers" so that a digital copy or mathematical template "based on" her "biometric identifiers" can be stored on a database with her associated identity information.

17. Once an employee is enrolled, each time they use the biometric time clock, her biometrics are scanned, analyzed, or otherwise converted into digital information that is transmitted to and compared with the database to find a matching copy or template.

18. Once a match is found, the employee is identified or authenticated, and the time of the scan is recorded.

19. BIPA prohibits private entities from collecting, capturing, purchasing, receiving through trade, or otherwise obtaining a person's biometric information unless the private entity:

---

[2] 740 ILCS § 14/5(c).

(1) informs that person in writing that identifiers and information will be collected and/or stored; (2) informs the person in writing of the specific purpose and length for which the identifiers or information is being collected, stored or used; (3) receives a written release from the person for the collection of that data; and (4) publishes publicly available written retention schedules and guidelines for permanently destroying said data. *See* 740 ILCS § 14/15(a) and (b).

20.     BIPA also establishes standards for how employers must handle Illinois employees' biometric identifiers and biometric information. *See* 740 ILCS § 14/15(c)-(d). BIPA makes it unlawful for companies to "sell, lease, trade, or otherwise profit from a person's or a customer's biometric identifier or biometric information." Furthermore, no company may "disclose, redisclose, or otherwise disseminate a person's or a customer's biometric identifier or biometric information unless":

> (1) the person or customer consents to the disclosure or redisclosure;
>
> (2) the disclosure or redisclosure completes a financial transaction requested or authorized by the person or customer;
>
> (3) the disclosure or redisclosure is required by state or federal law or municipal ordinance; or
>
> (4) the disclosure is required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction.

*See* 740 ILCS § 14/15(c)-(d).

21.     BIPA defines a "written release" specifically "in the context of employment [as] a release executed by an employee as a condition of employment." 740 ILCS § 14/10.

22.     Ultimately, the BIPA is simply an informed consent statute. Its narrowly tailored provisions place no absolute bar on the collection, sending, transmitting or communicating of biometric data. For example, the BIPA does not limit what kinds of biometric data may be obtained, collected, sent, transmitted, or stored. Nor does the BIPA limit to whom biometric data

may be obtained, collected, sent, transmitted, or stored. The BIPA simply mandates that entities wishing to engage in that conduct must make proper disclosures and implement certain reasonable safeguards.

23.     The Illinois legislature concluded that the increased risk of future harm is a compensable loss under BIPA. *Rosenbach v. Six Flags Entm't Corp.,* 2019 IL 123186, ¶ 35, 129 N.E.3d 1197, 1206 citing 740 ILCS § 14/5(c) (noting increased risk of identity theft should biometrics be compromised); *Dillon v. Evanston Hosp.,* 199 Ill. 2d 483, 507, 771 N.E.2d 357, 372 (2002) (finding risk of future injury compensable as an element of damages in medical malpractice case). The legislature's decision is particularly reasonable given that the statute of limitations on BIPA claims presumably runs from the date of the collection of biometrics, whereas the future injury may not occur until after the statute has run.

24.     Plaintiff seeks an award of liquidated damages due to the difficulty in quantifying her harm.

25.     Plaintiff was employed by Defendant at its store located at 2303 S. Western Ave., Chicago, IL 60608-3817, from September of 2015 through September of 2023.

26.     When Plaintiff was initially hired, she was required to enroll in Defendant's third-party biometric system using a scan of her fingerprint or hand geometry.

27.     Defendant's biometric system was used for employee authentication to track her time worked and to control access to secure areas of Defendant's store.

28.     Defendant required Plaintiff to scan her fingerprint or hand geometry to clock in and clock out at the beginning and end of each shift and for breaks.

29.     Defendant required Plaintiff to scan her fingerprint or hand geometry each time she entered or left the secure area within the store behind the cash register counter.

30.     During her employment with the Defendant, Plaintiff was required to scan her fingerprint or hand geometry at least 2,600 times before November 2017.[3]

31.     Defendant's biometric systems used, collected, and stored a scan of Plaintiff's fingerprint or hand geometry for purposes of time tracking and employee authentication.

32.     Alternatively, Defendant's biometric time clock system used, collected, and stored an encrypted mathematical representation of Plaintiff's fingerprint or hand geometry for purposes of time tracking and employee authentication.

33.     In either event, Defendant's biometric systems used, collected, and stored unique "biometric identifiers" or "biometric information" belonging to the Plaintiff.

34.     Until November of 2017, Defendant never informed Plaintiff of the specific limited purposes for which the Defendant collected, stored, or used her "biometric identifier" or "biometric information."

35.     Until November of 2017, Defendant never informed Plaintiff of the specific length of time for which Defendant would use or retain her "biometric identifier" or "biometric information."

36.     Similarly, until November of 2017, Defendant never informed Plaintiff of any biometric data retention policy it developed, nor whether it will ever permanently delete her "biometric information."

37.     Until November of 2017, Plaintiff never signed a written release allowing Defendant to collect, capture, or otherwise obtain her "biometric information."

---

[3] The statute of limitations applicable to violations of the BIPA is five years. *Jorome Tims v. Black Horse Carriers, Inc.* 2023 IL 127801 ¶ 5. However, the statute of limitations applicable to the Plaintiff was tolled by the filing of *Christopher Howe v. Speedway LLC, et al.*, 2017 CH 11992, in the Circuit Court of Cook County on September 1, 2017 (removed to the Northern District of Illinois on February 25, 2019, pending as 1:19-cv-01374). *American Pipe & Construction Co., et al v. Utah, et al,* 414 U.S. 538, 553-54 (1974); *Steinberg v. Chicago Medical School,* 69 Ill.2d 320, 324 (1977).

38.     Plaintiff has continuously and repeatedly been exposed to the risks and harmful conditions created by Defendant's repeated violations of the BIPA alleged herein.

39.     This lawsuit is Plaintiff's one and only chance to obtain compensation for Defendant's violations of BIPA. Depending on how technology evolves years into the future, losing control of and ownership over very personal identifiers could have untold harmful consequences.

## COUNT I

### Violation of § 15(a) of BIPA
### [Failure to Institute, Maintain, and Adhere to Publicly Available Retention Schedule]

40.     Plaintiff restates paragraphs 1 through 39 of the Complaint as if set out here in full.

41.     BIPA mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention - and, importantly, deletion - policy.  Specifically, these companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (at most three years after the company's last interaction with the individual); and (ii) actually adhere to that retention schedule and actually delete the biometric information.  *See* 740 ILCS § 15(a).

42.     Defendant failed to comply with these BIPA mandates.

43.     Defendant qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

44.     Plaintiff is an individual who had "biometric identifiers" (in the form of fingerprints or hand geometry) collected by Defendant. *See* 740 ILCS § 14/10.

45.     Plaintiff's biometric identifiers were used to identify her and, therefore, they constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

46.    Defendant failed to provide Plaintiff a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA.  *See* 740 ILCS § 15(a).

47.    Defendant failed to make any written policy establishing a retention schedule and guidelines for permanent deletion of biometric data publicly available.

48.    Until November of 2017, Defendant lacked retention schedules and guidelines for permanently destroying Plaintiff's biometric data when the purpose for collecting or obtaining such data has been satisfied or within three years of the individual's last interaction with the company.

49.    Defendant knew, or was reckless in not knowing, that the biometric-enabled time clock system it used would be subject to the provisions of BIPA, a law in effect since 2008, yet has completely failed to comply with Section 15(a) of BIPA, or otherwise intentionally or recklessly failed to comply with Section 15(a) of BIPA.

50.    Alternatively, Defendant negligently failed to comply with Section 15(a) of BIPA by failing to adhere to the reasonable standard of care in the convenience store industry with respect to biometric information and the mandates of Section 15(a) of BIPA.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court provide Plaintiff with the following relief:

a.    Declaring that Defendant violated Section 15(a) of BIPA;

b.    Requiring Defendant to comply with BIPA's requirements for the collection, otherwise obtainment, storage, use, and dissemination of biometric identifiers and biometric information as described herein;

c.    Requiring Defendant to destroy biometric identifiers or biometric information pursuant to and in compliance with Section 15(a) of BIPA;

d. Awarding liquidated damages of $1,000 for *each* negligent violation of Section 15(a) of BIPA pursuant to 740 ILCS § 14/20(1);

e. Awarding liquidated damages of $5,000 for *each* intentional and/or reckless violation of Section 15(a) of BIPA pursuant to 740 ILCS § 14/20(2);

f. Awarding reasonable attorneys' fees, costs and other litigation expenses pursuant to 740 ILCS § 14/20(3); and

g. Enjoining Defendant from further violations of Section 15(a) of BIPA.

## <u>COUNT II</u>

**Violation of § 15(b) of BIPA**
**[Failure to Obtain Informed Written Consent and Release**
**Before Obtaining Biometric Identifiers or Information]**

51. Plaintiff restates paragraphs 1 through 39 of the complaint as if set out here in full.

52. BIPA requires companies to obtain informed written consent from its workers before acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject…in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; ***and*** (3) receives a written release executed by the subject of the biometric identifier or biometric information…" 740 ILCS § 14/15(b) (emphasis added).

53. "A party violates Section 15(b) when it collects, captures, or otherwise obtains a person's biometric information without prior informed consent. This is true the first time an entity scans a fingerprint or otherwise collects biometric information, but it is no less true with each subsequent scan or collection." *Cothron v. White Castle System, Inc*., 2023 IL 128004 ¶ 24 (internal citation omitted).

54.     Informed consent is the "heart of BIPA." *Bryant v. Compass Grp. USA, Inc.*, 958 F.3d 617, 626 (7th Cir. 2020).

55.     Defendant failed to comply with these BIPA mandates.

56.     Defendant qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

57.     Plaintiff is an individual who had "biometric identifiers" (in the form of fingerprints) collected by Defendant. *See* 740 ILCS § 14/10.

58.     Plaintiff's biometric identifiers were used to identify her and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

59.     Until November 2017, Defendant collected, captured or otherwise obtained Plaintiff's biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS § 14/15(b)(3).

60.     Until November 2017, Defendant did not inform Plaintiff in writing that her biometric identifier or biometric information was being collected or stored, or of the specific length of term for which her biometric identifiers and/or biometric information were being collected, stored or used before collecting, storing or using them as required by 740 ILCS § 14/15(b)(1)-(2).

61.     Prior to collecting Plaintiff's biometric identifiers and information, Defendant never obtained a written release authorizing such collection until November 2017. 740 ILCS § 14/15(b)(3).

62.     By collecting, capturing, and otherwise obtaining Plaintiff's biometric identifiers or information as described herein, Defendant violated Plaintiff's privacy in her biometric identifiers and information as set forth in BIPA *each time* the Defendant collected, captured, obtained, stored or used Plaintiff's biometric identifiers or information. *See* 740 ILCS § 14/1, *et seq.*; *Cothron v. White Castle System, Inc.*, 2023 IL 128004 ¶ 24. "[T]he plain language of section

15(b) and 15(d) demonstrates that such violations occur with every scan or transmission." *Id.* At ¶ 30.

63.     Defendant knew, or was reckless in not knowing, that the biometric timekeeping systems used would be subject to the provisions of BIPA, a law in effect since 2008, yet completely failed to comply with Section 15(b) of BIPA, or otherwise intentionally or recklessly failed to comply with Section 15(b) of BIPA.

64.     Alternatively, Defendant negligently failed to comply with Section 15(b) of BIPA by failing to adhere to the reasonable standard of care in its industry with respect to biometric information and the mandates of Section 15(b) of BIPA.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court provide Plaintiff with the following relief:

a.   Declaring that Defendant violated Section 15(b) of BIPA;

b.   Awarding liquidated damages of $1,000 for *each* negligent violation of Section 15(b) of BIPA pursuant to 740 ILCS § 14/20(1);

c.   Awarding liquidated damages of $5,000 for *each* intentional and/or reckless violation of Section 15(b) of BIPA pursuant to 740 ILCS § 14/20(2); and

d.   Awarding reasonable attorneys' fees, costs and other litigation expenses pursuant to 740 ILCS § 14/20(3).

## COUNT III

### Violation of § 15(d) of BIPA
### [Disclosure of Biometric Identifiers or Information Without Obtaining Consent]

65.     Plaintiff restates paragraphs 1 through 39 of the complaint as if set out here in full.

66.     BIPA prohibits private entities from disclosing, redisclosing or otherwise disseminating a person's or customer's biometric identifier or biometric information without

obtaining consent for that disclosure, redisclosure or dissemination, with limited exceptions, none of which are appliable here. 740 ILCS § 14/15(d).

67.     Defendant failed to comply with this BIPA mandate.

68.     Defendant qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

69.     Plaintiff is an individual who had "biometric identifiers" (in the form of fingerprints) collected by Defendant, as explained in detail above. *See* 740 ILCS § 14/10.

70.     Plaintiff's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

71.     Defendant systematically and automatically collected, captured, or otherwise disseminated Plaintiff's biometric identifiers and/or biometric information without obtaining the consent required by 740 ILCS § 14/15(d)(1).

72.     By utilizing a biometric timekeeping system (time clock and timekeeping databases), Defendant systematically and automatically disclosed, redisclosed, or otherwise disseminated biometric identifiers or biometric information of Plaintiff to at least one third-party payroll company utilized by the Defendant without first obtaining the Plaintiff's consent required by 740 ILCS § 14/15(d)(1).

73.     By disclosing, redisclosing, or otherwise disseminating Plaintiff's biometric identifiers and biometric information without her consent as described herein, Defendant violated BIPA *each time* there was a disclosure, redisclosure or dissemination of the Plaintiff's biometric identifiers in violation of Plaintiff's rights to privacy in her biometric identifiers or biometric information as set forth in BIPA. *See* 740 ILCS § 14/1, *et seq*.

74.     Defendant knew, or was reckless in not knowing, that the biometric timekeeping systems used would be subject to the provisions of BIPA, a law in effect since 2008, yet completely

failed to comply with the statute, or otherwise intentionally or recklessly failed to comply with Section 15(b) of BIPA.

75.     Alternatively, Defendant negligently failed to comply with Section 15(d) of BIPA by failing to adhere to the reasonable standard of care in its industry with respect to biometric information and the mandates of Section 15(d) of BIPA.

76.     "[T]he plain language of section 15(d) supports the conclusion that a claim accrues upon each transmission of a person's biometric identifier or information without prior informed consent." *White Castle System, Inc*., 2023 IL 128004 at ¶ 29.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court provide Plaintiff with the following relief:

a.  Declaring that Defendant violated Section 15(d) of BIPA;

b.  Awarding liquidated damages of $1,000 for *each* negligent violation of Section 15(d) of BIPA pursuant to 740 ILCS § 14/20(1);

c.  Awarding liquidated damages of $5,000 for *each* intentional and/or reckless violation of Section 15(d) of BIPA pursuant to 740 ILCS § 14/20(2); and

d.  Awarding reasonable attorneys' fees, costs and other litigation expenses pursuant to 740 ILCS § 14/20(3).

## JURY DEMAND

Plaintiff hereby respectfully demands a trial by jury.

*Respectfully submitted,*

**SAKARA LINDSEY**

*/s/ Majdi Hijazin*
Majdi Hijazin
Adam J. Feuer
Samuel L. Eirinberg
DJC LAW, PLLC
140 S. Dearborn Street, Ste. 1610
Chicago, Illinois 60603
(872) 804-3400
majdi@teamjustice.com
adam@teamjustice.com
sam@teamjustice.com

Nick Wooten
DJC LAW, PLLC
1012 West Anderson Lane
Austin, Texas 78757
(512) 220-1800
nick@teamjustice.com
*Lead Trial Attorney*

*Counsel for Plaintiff*