UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAKARA LINDSEY, | |
| Plaintiff, | No. 24 C 1984 |
| v. | Judge Thomas M. Durkin |
| SPEEDWAY LLC, | |
| Defendant. | |

MEMORANDUM OPINION AND ORDER

In 2019, a case was filed against Defendant Speedway LLC alleging that Speedway's employee time tracking system violated the Illinois Biometric Protection Act ("BIPA"). *See Howe v. Speedway LLC*, No. 1-19-cv-01374 (N.D. Ill.). Motions for class certification and summary judgment motions were filed in *Howe* in October 2021 and were only just decided on September 29, 2024. The court in *Howe* denied summary judgment and granted class certification.

Presumably in an attempt to have her claim addressed more quickly, Plaintiff Sakar Lindsey, who would otherwise be a member of the class in *Howe*, filed this case alleging the same BIPA violation regarding Speedway's time tracking system.[1] Lindsey's claim concerns conduct that occurred from September 2015 through October 2017. BIPA has a five-year statute of limitations, so her claim is untimely if the statute of limitations has not been tolled by the pendency of *Howe*.

---

[1] Lindsey also brought a claim that Speedway's "biometric lock device" violates BIPA, but she voluntarily dismissed that claim when she responded to Speedway's motion. *See* R. 25 at 2 n. 1.

That the filing of a class action complaint tolls the statute of limitations for class members is a well-known principle first enunciated by the Supreme Court in *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 554 (1974). The Illinois Supreme Court adopted it a few years later. *See Steinberg v. Chi. Med. Sch.*, 371 N.E.2d 634, 645 (Ill. 1977).

## I. Timing

"When state law supplies the period of limitations, it also supplies the tolling rules." *Hemenway v. Peabody Coal Co.*, 159 F.3d 255, 265 (7th Cir. 1998). Speedway argues that under Illinois law, class action tolling is not available to Lindsey because she filed this case before class certification was decided in *Howe*. According to Speedway, class action tolling applies only to claims filed *after* a motion for class certification is *denied* in the first-filed suit, because "the purpose of tolling is to discourage putative class members from filing duplicative individual suits while a putative class action remains pending." R. 14 at 11.

True, a class member filing a claim after the denial of class certification is the most common circumstance in which the question of tolling arises, and it was the context of the cases that set forth the *American Pipe* tolling rule. Speedway supports its argument with a number of Illinois state cases that reiterate the general rule that class action tolling applies to a case filed by a putative class member after denial of a motion for class certification. *See* R. 14 at 12 (citing cases); R. 27 at 7 (citing cases). But while all of those cases hold that tolling is available to a party that files a separate case after the denial of class certification, none of those cases hold that tolling is

2

*unavailable* to a party that files a separate case *before* certification is denied in the first-filed case, which is what Lindsey did here.

The fundamental error in Speedway's argument is that it reads too much into the Illinois Supreme Court's explanation that it adopted *American Pipe* class action tolling in part "to prevent needless 'protective' filings . . . during the pendency of the [first-filed] class action complaint." 701 N.E.2d at 1104. Speedway understands this statement to mean that the Illinois Supreme Court intended to prohibit such early filings. But what the court actually intended to eliminate was the *requirement* that all class members file cases to protect their claims in the event that class certification was denied. Eliminating the requirement does nothing more than that—it means that class member plaintiffs are not required to file a protective case to ensure that their claims will benefit from tolling if necessary. But eliminating the requirement does not mean that all class members are prohibited from filing a separate case before class certification is denied if they believe that is in their best interests, which, again, is what Lindsey did here.

Similarly, Speedway omits relevant portions of its quotation from the most recent case it cites, *Underwood v. Illinois Commerce Commission*, 2017 WL 4052315, at *5 (Ill. App. Ct. Sept. 12, 2017). According to Speedway, the court in *Underwood* held that the "earlier case . . . did not involve a court declining class certification . . . . Thus, class tolling does not apply." R. 14 at 12 (quoting *Underwood*). But the second ellipsis in Speedway's quotation omits the following: "The 1994 case was settled, the 2005 enforcement motion was denied for failure to produce evidence of causation or

3

damages, and [the plaintiff's] 2010 class action was dismissed for lack of jurisdiction. Thus, class tolling does not apply." *Underwood*, 2017 WL 4052315, at *5. In other words, the first-filed case in *Underwood* involved several merits-related rulings that impacted whether it was appropriate for tolling to apply in the later-filed case. Contrary to Speedway's argument, *Underwood* is not an unambiguous holding that a class member who files a separate case prior to certification being denied in the first-filed case may not benefit from tolling.

With no prohibition is state law, the Court looks to federal cases. Notably, the great weight of recent authority from federal courts is that *American Pipe* tolling should apply to separate cases filed by class members even before class certification is denied in the first-filed case. *See, e.g., Ca. Pub. Emples. Ret. Sys. v. Caboto-Gruppo Intesa BCI (In re WorldCom Sec. Litig.)*, 496 F.3d 245, 255 (2d Cir. 2007) ("Perhaps fewer suits in fewer jurisdictions would be filed if only intervenors received the benefits of *American Pipe* tolling after certification is denied, but this is not an interest that statutes of limitations are designed to protect."); *Villanueva v. Davis Bancorp, Inc.*, 2011 WL 2745936, at *4 (N.D. Ill. July 8, 2011) ("the rationale for class action tolling does not depend on whether the first class action was resolved before or after a class was certified"). Although the Seventh Circuit has not addressed the issue, it has emphasized that class action tolling becomes available when a class action case is filed, and its availability is not dependent on "the way in which the first suit ended." *Sawyer v. Atlas Heating & Sheet Metal Works, Inc.*, 642 F.3d 560, 562 (7th Cir. 2011). This suggests that class action tolling is available even if there has

4

not been a ruling on class certification. And courts in this district have applied *American Pipe* tolling to separate cases filed before a ruling on class certification in the first-filed case, despite the Illinois case law Speedway argues is to the contrary. *See, e.g., Rowe v. Papa John's Int'l, Inc.*, 2024 WL 3925411, at *10 (N.D. Ill. Aug. 23, 2024) ("If anything, it seems upside down to penalize a plaintiff on statute-of-limitations grounds for taking action sooner rather than later. It would be odd if a plaintiff could file too *late*, by filing too *early*.").

For these reasons, that Court finds that the fact that Lindsey filed this case before class certification was decided in *Howe* does not mean that the Illinois law prohibits the tolling of the statute of limitations for her claim.

## II. Cross-Jurisdictional Tolling

Speedway also argues that even if Illinois law permits Lindsey to benefit from tolling by filing a separate case prior to a denial of class certification (as the Court has found that it does), she still cannot benefit from tolling because the Illinois Supreme Court has also held that "the Illinois statute of limitations is not tolled during the pendency of a class action in federal court." *Portwood v. Ford Motor Co.*, 701 N.E.2d 1102, 1105 (Ill. 1998). In other words, Speedway argues that a federal case, like *Howe*, cannot serve to toll an Illinois state law claim like Lindsey's BIPA claim.

Speedway again errs in reading a holding of the Illinois Supreme Court too broadly. In *Portwood*, the court explained that "it would be unwise to adopt a policy basing the length of Illinois limitation periods on the federal courts disposition of

5

suits seeking class certification . . . because state courts have no control over the work of the federal judiciary." *Id.* at 1104. The court explained further that "[s]tate courts should not be required to entertain stale claims simply because the controlling statute of limitations expired while a federal court considered whether to certify a class action." *Id.* Thus, the Illinois Supreme Court was expressly concerned with what is termed "cross-jurisdictional tolling." *Id.* at 1103-04.

Cross-jurisdictional concerns are not present here. *Howe* is a federal case and so is this case. That fact that this case was removed from state court does not change the fact that it is now a federal case. That being true, there is no concern that *Howe*'s pendency will impermissibly extend tolling beyond the time Illinois courts might allow, because there is no longer an Illinois state case at issue. *Portwood's* cross-jurisdictional concerns are simply not relevant here, and *Portwood* does not prohibit *Howe*'s pendency serving to toll the statute of limitations for Lindsey's claim.

## Conclusion

Therefore, Speedway's motion to dismiss [13] is denied.

ENTERED:

*Thomas M Durkin*
_____
Honorable Thomas M. Durkin
United States District Judge

Dated: October 3, 2024

6